# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO. 1:10-CV-180

**HOLLEY PERFORMANCE PRODUCTS, INC.**                               **PLAINTIFF**

**v.**

**TUCOWS, INC., and TUCOWS.COM CO.**                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendants' Motion to Dismiss or, in the Alternative, to Stay Case (Docket #18). Plaintiff has responded (Docket #23). Defendants have replied (Docket #26). This matter is now ripe for adjudication. For the following reasons, Defendants' motion is DENIED.

## BACKGROUND

This case involves an ongoing dispute regarding the domain name <earls.com>. The parties have initiated actions in three forums: the Ontario Superior Court of Justice (the "Ontario proceeding"), the National Arbitration Forum under the Uniform Domain Name Dispute Resolution Policy ("UDRP action"), and this Court. The UDRP action was filed on June 30, 2010, and the Ontario proceeding commenced on July 8, 2010. The National Arbitration Forum issued a decision on August 19, 2010, dismissing Holley Performance Products, Inc.'s ("Holley") complaint without prejudice because it had discretion to do so if a legal proceeding was pending at the same time. In the Ontario proceeding, Tucows.com Co. ("Tucows.com") seeks a declaratory judgment "that Tucows has legitimate rights to the <earls.com> domain name, that it was not registered or being used in bad faith, and that Plaintiff was not entitled to a transfer of the domain name." Def.'s Mem., DN 18-1, p. 2. Holley was served on November 2, 2010.

Holley filed the present lawsuit against Tucows.com and Tucows, Inc., on December 13, 2010. Holley's Complaint seeks damages for cybersquatting under 15 U.S.C. § 1125(d), trademark infringement under 15 U.S.C. § 1114(1), false designation of origin and unfair competition under 15 U.S.C. § 1125(1), unjust enrichment, and common law unfair competition. *See* Compl., DN 1, ¶¶ 50-81. Tucows.com and Tucows, Inc., filed the present motion to dismiss on February 15, 2011. They claim that this lawsuit is duplicative of the Ontario proceeding and should be dismissed or stayed according to the doctrine of abstention.[1] The Court now considers this motion.

## DISCUSSION

Defendants ask this Court to abstain from exercising jurisdiction in light of the doctrine of international abstention, an extension of the state court abstention doctrine of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *See, e.g.*, *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999) ("[I]n the interests of international comity, we apply the same general principles with respect to parallel proceedings in a foreign court."); *Groeneveld Transp. Efficiency, Inc. v. Eisses*, No. 1:07 CV 1298, 2007 WL 2769595, at *1 (N.D. Ohio Sept. 18, 2007).

In *Colorado River*, the Supreme Court held that a federal court may abstain from exercising jurisdiction because a similar state court proceeding is pending. *See* 424 U.S. at 817. The Supreme Court first noted that "[g]enerally, as between state and federal courts, the rule is

---

[1] Holley is a Delaware corporation whose principal place of business is in Bowling Green, Kentucky. Compl., DN 1, ¶ 1. Tucows.com is a wholly-owned subsidiary of Tucows (Delaware) Inc., which is a wholly-owned subsidiary of Tucows, Inc. Compl., DN 1, ¶ 3. Tucows, Inc., is a Pennsylvania corporation with its principal office in Toronto, Canada. Compl., DN 1, ¶ 2.

that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" *Id.* A narrow exception exists, however, in circumstances where "wise judicial administration" principles govern. *See id.* "[T]he circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for [other forms of] abstention. The former circumstances, though exceptional, do nevertheless exist." *Id.* at 818.

This principle has been recognized by the Supreme Court of the United States and the Sixth Circuit finding that, "despite the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,' considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (internal citation omitted) (quoting *Colorado River*, 424 U.S. at 817).

There are two basic steps that must be completed by the district court in determining whether *Colorado River* abstention is applicable. First, the district court must determine if the concurrent foreign and federal cases are parallel. *Romine*, 160 F.3d at 339. "Exact parallelism is not required; it is enough if the two proceedings are substantially similar." *Id.* at 340 (internal citations and quotations omitted). In *Romine*, the Sixth Circuit held the cases were parallel where the parties were substantially similar, although not identical, and the claims against the defendants were "predicated on the same allegations as to the same material facts . . . ." *Id.*; *see also Equitable Gathering, LLC v. Caudill*, No. 7:08-216-KKC, 2009 WL 2922859 (E.D. Ky. Sept. 10, 2009) (holding the cases parallel when parties were substantially similar, although

3

differing, and the case arose from the same set of facts); *Bell v. Countrywide Home Loans, Inc.*, No. 5:08-cv-167-JHM, 2009 WL 260805 (W.D. Ky. Feb. 4, 2009) (holding cases parallel when the parties, claims and issues were substantially similar; "[plaintiffs] attempt to distinguish the instant case by adding different defendants and recasting his claims using additional legal theories is unavailing"); *Progressive Cas. Ins. Co. v. Franklin*, No. 1:05cv-65-M, 2005 WL 1935675 (W.D. Ky. Aug. 8, 2005) (holding cases parallel if the parties are substantially similar and the claims arise from the same material facts; found cases parallel where the substance of the claims were identical in both cases).

Cases are not considered parallel, however, if there is an issue that would not be resolved by the foreign court upon the completion of the foreign court action. *See E.ON U.S. Servs., Inc. v. QSC Painting, Inc.*, No. 08-54-JBC, 2008 WL 3982499 (E.D. Ky. Aug. 26, 2008) (finding the cases were not parallel where the central issue in the federal case will need to be decided regardless of the outcome of the state court case); *PNC Bank, Nat'l Assoc. v. Person*, No. 06-292-C, 2007 WL 1423744 (W.D. Ky. May 8, 2007) (holding cases not parallel where resolution of the state court case will not clearly dispose of all the claims presented in the federal case). "The issue is not . . . whether the proceedings could be modified to make them parallel; the issue is whether the [foreign] court proceeding, as it *currently* exists, *is* a parallel [foreign]-court proceeding." *PNC Bank*, 2007 WL 1423744, at *3 (citing *Baskin v. Bath Twp. Bd. Of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994)) (emphasis in original).

If they are parallel, then the district court must apply the multi-factor balancing test set forth initially in *Colorado River* and expanded by later case law. *Romine*, 160 F.3d at 340-41. This balancing test includes such factors as

4

> (1) whether the [foreign] court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is [foreign] or federal; (6) the adequacy of the [foreign] court action to protect the federal plaintiff's rights; (7) the relative progress of the [foreign] and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Id.* (internal citations omitted). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 818-19 (internal citations omitted). In other words,

> the decision whether to dismiss a federal action because of parallel [foreign]-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

## I. Are the Concurrent Federal and Foreign Cases Parallel?

The Court must first determine if the proceedings at issue are sufficiently parallel. Both parties acknowledge, for purposes of this motion, that the proceedings are parallel under the *Colorado River* abstention doctrine. The Court agrees.

First, the parties in both actions are substantially similar. The Ontario proceeding is a suit brought by Tucows.com against Holley. In this case, there is only one additional party: Tucows, Inc., which is the holding company of Tucows (Delaware), Inc., which in turn owns Tucows.com. In light of the relationship between the Defendant entities in this case, the Court finds that the parties are substantially similar.

5

In addition, both cases concern the same set of material facts. Both cases involve a dispute over the domain name <earls.com>. In this case, Holley alleges that Tucows.com and Tucows, Inc., violated cybersquatting, trademark, and unfair competition laws, and seeks damages, injunctive relief, and an order transferring the infringing domain <earls.com> to Holley. In the Ontario proceeding, Tucows.com seeks a declaration of its rights as to <earls.com>, including a declaration that the domain name has not been registered, that Tucows.com has not used the domain name in bad faith, and that Holley is not entitled to a transfer of the name. Tucows.com also specifically argues in the Ontario proceeding that <earls.com> is not used in an infringing manner to any trademark. Essentially, the parties have asserted their claims over the <earls.com> domain name in two different forums. Thus, the resolution of one case will dispose of the claims in the other case.

**II.     Application of the *Colorado River* Multi-Factor Balancing Test**

Because the Court has determined that the concurrent federal and foreign cases are parallel, the Court now applies the multi-factor balancing test set forth in *Colorado River* and its progeny. The district court's application of this balancing test is flexible and varies depending on the circumstances of the case, although the balance is always heavily weighed in favor of the exercise of jurisdiction. *Colorado River*, 424 U.S. at 818-19; *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

     *A.     Assumed Jurisdiction over Res or Property*

Defendants argue that the first factor, whether the foreign court has assumed jurisdiction over any res or property, weighs in favor of abstention. In support of this argument, Defendants assert that the core issue in these proceedings is the disposition of a property right, that is, the

<earls.com> domain name. The situs of this domain name is in Ontario, where the domain name is registered with Tucows, Inc. In contrast, Plaintiff argues that the first factor weighs against abstention because neither court has jurisdiction over any res or property.

While the Court agrees with Defendants that the <earls.com> domain name is property, *see* 15 U.S.C. § 1125(d)(2)(A) (permitting the filing of an *in rem* civil action against a domain name), there is no evidence that the foreign court in this case has assumed jurisdiction over such property.[2] The Ontario proceeding is not an *in rem* action, but rather a declaratory judgment action. Thus, this favor weighs against abstention.

B. *Inconvenience of the Federal Forum*

The second factor looks to the convenience of the federal forum. Defendants argue that Plaintiff has failed to present a meaningful connection between the federal forum and Tucows.com or the events giving rise to Plaintiff's claims. In contrast, Defendants note that the events giving rise to Plaintiff's allegations are in fact connected to Tucows principal office in Ontario. Plaintiff asserts that this factor is neutral because the federal forum is more convenient for Holley but the Ontario forum is more convenient for Tucows. Plaintiff notes that these proceedings will revolve around Holley's trademarks and such evidence would be located at or nearby Holley's principal office in Kentucky.

The Court finds that this factor is neutral or weighs slightly against abstention. As Plaintiff has noted, one forum is clearly more convenient for one party while the other obviously

---

[2]An *in rem* civil action under 15 U.S.C. § 1125(d) is only permitted if a plaintiff is "unable to obtain *in personam* jurisdiction or through due diligence not [ ] able to find a person who would have been a defendant under paragraph (1) of § 1125(d)." *Heathmount A.E. Corp. v. Technodome.com*, No. CA-00-00714-A, 2000 WL 33666935, at *2 (E.D. Va. Dec. 29, 2000) (citing 15 U.S.C. § 1125(d)(2)(A)(ii)).

favors the other party. In addition, this case is unlike those cases which have found a federal forum inconvenient due to the location of the parties, witnesses, and evidence, as the evidence in this case appears to be connected to both locations. *Cf. Groeneveld*, 2007 WL 2769595, at *2 (noting that the Ontario forum was more convenient because the defendant, who was sued for breach of fiduciary duties, resided in Ontario and performed his duties there).

C. *Need to Avoid Piecemeal Litigation*

The Court finds that the third factor, avoidance of piecemeal litigation, weighs heavily in favor of abstention. "Piecemeal litigation occurs when different courts adjudicate an identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341 (citing *LaDuke v. Burlington Northern R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989)). As explained, the issues to be decided by the foreign court and this Court are largely identical. Both courts are asked to decide trademark issues, the ownership rights of <earls.com>, and the issue of bad faith. There is significant risk of piecemeal litigation in this case; therefore this factor weights heavily in favor of abstention.

D. *Order in Which Jurisdiction was Obtained*

The fourth factor to be considered is the order in which jurisdiction was obtained by the foreign and federal courts. This factor is closely tied with the relative progress of the foreign court case: "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 21. As noted previously, jurisdiction was obtained in the Ontario proceeding on July 8, 2010. Plaintiff points out, however, that it was not served until November 2, 2010. This action was commenced on December 13, 2010, and Defendants filed the present

8

motion to dismiss on February 15, 2011. Both cases remain in their early stages. Plaintiff asserts that the only development thus far in the Ontario proceeding is Holley's pending motion to dismiss for lack of jurisdiction or, in the alternative, to stay that litigation until a judgment is reached in this Court. In fact, Plaintiff has presented evidence that the Ontario proceeding is set to hold a hearing on that motion on October 3, 2011. Thus, both courts are tackling substantially similar issues at this time, and it is likely that this Court will resolve the issue before the Ontario court reaches its decision. Accordingly, the Court finds that this factor weighs against abstention.

### E. *Whether Federal or Foreign Law Governs*

Next, the Court considers whether federal or foreign law governs these parallel proceedings. Plaintiff's Complaint clearly asserts claims arising under the Lanham (Trademark) Act and the Anti-Cybersquatting Consumer Protection Act ("ACPA"). *See* 15 U.S.C. §§ 1114(1), 1125(d). Plaintiff also asserts claims under Kentucky common law. This matter concerns several trademarks, trade names and logos registered with the United States Patent and Trademark Office. In contrast, there is no indication that foreign law governs this case. Accordingly, this factor weighs against abstention.

### F. *Protection of the Federal Plaintiff's Rights*

The sixth factor addresses the adequacy of the foreign court action to protect Holley's rights. While the Court certainly acknowledges that Ontario courts are able to protect the interests of federal plaintiffs generally, this action is heavily grounded in United States federal law. This Court is more familiar with these trademark laws and "Plaintiff may not be able to assert the same rights in Canada, which lacks a body of law equivalent to the ACPA and whose

9

enforcement of its trademark laws cannot extend into the United States." *Heathmount A.E. Corp. v. Technodome.com*, No. CA-00-00714-A, 2000 WL 33666935, at *7 (E.D. Va. Dec. 29, 2000). The Court finds that this factor weighs against abstention.

G. *Relative Progress of the Proceedings*

The Court has already discussed the seventh factor in conjunction with the fourth factor, noting that both courts are currently in substantially similar positions. In addition, the Ontario court is unlikely to rule on the issue of *forum non conveniens* until October of this year. Thus, like the fourth factor, this factor also weighs against abstention.

H. *Presence or Absence of Concurrent Jurisdiction*

The eighth and final factor, the presence of concurrent jurisdiction, is neutral. The parties are challenging the jurisdiction of both courts. In addition, neither party addresses this factor in great detail in their briefing. Nor does the Court believe this factor plays a large role in this analysis.

In conclusion, the balance of the relevant factors weighs against abstention. The only factor that weighs in favor of abstention is the third factor, or the need to avoid piecemeal litigation. Certainly this is a concern for the Court and represents the most important factor in the Court's consideration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). The balance of the remaining factors, however, overcomes the third factor. Both proceedings are in the early stages of litigation and Plaintiff's Complaint concerns significant matters of federal law. For these reasons, the Court concludes that it should retain jurisdiction over this case. *See id.* ("[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the

important factors as they apply in a given case, *with the balance heavily weighted in favor of the exercise of jurisdiction*." (emphasis added)).  The Court also notes that the Ontario Superior Court of Justice may grant Holley's *forum non conveniens* motion.  Thus, staying this matter for purposes of awaiting a decision in Ontario may only serve to delay these proceedings further.  Because these parallel actions are both in their early stages, this Court sees no harm in proceeding with discovery at this time.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss or, in the Alternative, to Stay Case is DENIED.